James M. Piotrowski
Alan Herzfeld
HERZFELD & PIOTROWSKI
713 W. Franklin
P.O. Box 2864
Boise, ID 83702
(208) 331-9200 Telephone
(208) 331-9201 Facsimile
jpiotrowski@hpllp.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM E. GRAVES, ALAN D. HUME, BILL OPLER, MICHAEL K. SHANER, RALPH VALENTINO, and BILL WATTERLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs, v.<br><br>OFFICEMAX INCORPORATED, formerly known as BOISE CASCADE CORPORATION,<br><br>Defendants. | CASE NO. _____<br><br>COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT |

For their Complaint against Defendant Officemax, Incorporated, formerly known as Boise Cascade Corp., Plaintiffs would show as follows:

### I. Nature of the Suit

1. This is a suit for failure to pay wages owed pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, and for violation of state laws regulating wage payments.

1

COMPLAINT

## II. Parties, Jurisdiction, and Venue

2. Plaintiffs are individuals currently or previously employed by Defendant Boise Cascade Corp. ("Boise") and/or its successor in interest Defendant Officemax Incorporated ("Officemax") at one of Boise's Corrugated Container Plants. Plaintiffs bring suit on behalf of themselves and all others hourly production employees at OfficeMax's corrugated container plants in Idaho, Utah and Washington. Each of the named Plaintiffs has executed a Consent to Join, and such consents are attached hereto as Exhibit A.

3. Defendant Officemax, Inc. ("Officemax") formerly known as Boise Cascade Corp. ("Boise") is a Delaware corporation authorized to do business and doing business in the State of Idaho. In November, 2004, Boise Cascade Corp. changed its name to Officemax, Incorporated.

4. This action arises under the laws of the United States. This Court has jurisdiction pursuant to 29 U.S.C. §216 and 28 U.S.C. §1331. The Court has jurisdiction over any related state law claims pursuant to the 28 U.S.C. §1367. Because the defendants reside within the State of Idaho, the named Plaintiffs reside in the State of Idaho, and a substantial part of the acts or omissions giving rise to the claims stated herein occurred in the State of Idaho venue is appropriate in this District pursuant to 28 U.S.C. §1391(b).

## III. Facts Giving Rise to Complaint

5. Plaintiffs were employed by Boise at Boise's Nampa Corrugated Container Plant in Nampa, Idaho. Some of the terms and conditions of Plaintiffs' employment were governed by a collective bargaining agreement between Boise and the Association of Western Pulp and Paper Workers Local 747, a labor organization. Boise maintained similar corrugated container plants

in Burley, Idaho, Salem, Oregon, Walulla, Washington, and Salt Lake City, Utah. Some but not all of those plants were also subject to collective bargaining agreements with local unions.

6. Each of the Plaintiffs and putative plaintiffs was paid wages on an hourly basis.

7. In order to keep track of the hours worked by each of the Plaintiffs, Boise utilized an electronic time-keeping system by which employees would "punch" in and out at the beginning and ending of shifts. The time-keeping system was part of a larger software package sold under the trade name "Imaginera." On information and belief, the Imaginera software, including the time-keeping function was utilized at all of Boise's corrugated container plants.

8. Boise utilized manual rounding systems by which supervisors in the plant would round the times worked by Plaintiffs and other hourly employees to increments other than the actual time at which work began or ceased. Plaintiffs believe, and therefore allege on the basis of that belief, that similar or identical methods of rounding off time were utilized in all of Boise's corrugated container plants.

9. The rounding systems used by Boise, its agents and managers understated the time actually worked by Plaintiffs and other hourly employees.

10. The time-keeping system, including the rounding system, was used by Boise to compute the number of hours worked by hourly employees including Plaintiffs. The hours worked were used to compute payroll and to determine the wages paid to Plaintiffs. Because the rounding understated the hours worked by the Plaintiffs, Plaintiffs and other similarly situated hourly employees at Boise's corrugated container plants did not receive all wages owed, including overtime wages.

COMPLAINT

## CLAIMS FOR RELIEF

### First Claim for Relief

Fair Labor Standards Act

11. Plaintiffs incorporate, as if fully restated herein, each of paragraphs 1 through 10.

12. Pursuant to the Fair Labor Standards Act and regulations adopted thereunder, Plaintiffs were entitled to be paid for all of their hours worked, and to be compensated for hours worked in excess of 40 during any workweek at a rate of one and one-half times their regular rates of pay.

13. By willfully failing to properly record all hours actually worked and/or by utilizing a rounding system which systematically understated the actual hours worked, Defendants have failed to pay Plaintiffs for all of their hours worked, including overtime hours. As a result thereof, Plaintiffs have suffered lost wages and overtime pay in an amount to be proven.

### Second Claim for Relief

Breach of Fiduciary Duty

14. Plaintiffs incorporate as if fully restated herein each of paragraphs 1 through 13.

15. The Defendants undertook a duty to accurately and completely record time worked and to calculate Plaintiffs' wages accurately and completely.

16. Defendants willfully, negligently, and/or intentionally failed to accurately and completely record the Plaintiffs' actual time worked in violation of the duty voluntarily undertaken.

17. As a proximate result of the foregoing, Plaintiffs have suffered lost wages in an

amount to be proven, and are entitled to an accounting from Defendants.

### Third Claim for Relief

State Wage and Hour Laws

18. Plaintiffs incorporate as if fully restated herein each of paragraphs 1 through 17.

19. Under the laws of the States of Idaho, Oregon, Utah and Washington, Plaintiffs and putative plaintiffs were entitled to be paid for all of their hours worked, and to be compensated for certain hours worked at overtime rates.

20. By willfully failing to properly record all hours actually worked and/or by utilizing a rounding system which systematically understated the actual hours worked, Defendants have failed to pay Plaintiffs for all of their hours worked, including overtime hours. In addition, as to at least some putative plaintiffs, Defendant failed to pay all wages due at the time of termination of employment and/or within periods mandated by state law. As a result thereof, Plaintiffs have suffered lost wages and overtime pay in an amount to be proven, and, under various state laws are entitled to penalties.

WHEREFORE, Plaintiffs prays for relief as follows:

a. That this matter proceed as a collective action pursuant to 29 U.S.C. §216(b);

b. For trial by jury as to all issues so triable;

c. For an award of damages for unpaid or underpaid wages;

d. For an additional, equal amount as liquidated damages and/or for treble damages, and/or for exemplary damages;

e. For an accounting;

f. For pre- and post-judgment interest;

g. For their costs and attorney fees; and,

h. For all other and further equitable and legal relief which the Court deems just.

DATED this 24th day of February, 2005.

HERZFELD & PIOTROWSKI, LLP

James M. Piotrowski
Attorneys for Plaintiffs

COMPLAINT

## CONSENT TO JOIN LITIGATION

I, __William E. Graves__ (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this 20th Day of January 2006.

__William E. Graves__
Signature

EXHIBIT 1

CONSENT TO JOIN LITIGATION

I, _Alan D. Hume_ (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this 18th day of December, 2004.
(handwritten: 16th APH / 2005 ADH)

_____
Signature

CONSENT TO JOIN LITIGATION

I, __Bill Opfer__ (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this ~~18th day of December, 2004~~.
20th day of Jan, 2006

_____
Signature

## CONSENT TO JOIN LITIGATION

I, _Michael K. Shaner_ (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this 19th day of January, 2006.

_Michael K. Shaner_
Signature

## CONSENT TO JOIN LITIGATION

I, **Bill Watterlin** (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this 18th day of December, 2004.

*Bill Watterlin*
Signature

CONSENT TO JOIN LITIGATION

I, __RALPH VALENTINO__ (print name) do hereby agree and consent to join as a plaintiff in litigation against Boise Cascade Corporation and its predecessors and successors (referred to collectively as "Boise") in interest in the operation of the Nampa Corrugated Container Operations. I understand that such litigation will relate to allegations that Boise, through the utilization of various "rounding" mechanisms and the operation of its timekeeping system did not pay me and other workers at the Nampa facility for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this ~~18th day of December, 2004~~ 20th of JANUARY 2006

_Ralph Valentino_
Signature