IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM E. GRAVES, ALAN D. HUME, BILL OPFER, MICHAEL K. SHANER, RALPH VALENTINO, and BILL WATTERLIN, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>OFFICEMAX INCORPORATED, formerly known as BOISE CASCADE CORPORATION,<br><br>　　　　　Defendant. | Case No. CV-06-83-S-BLW<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion for Award of Attorney's Fees (Docket No. 8) and Plaintiff's Motion to Strike Officemax's Opposition to Plaintiffs' Motion for Award of Attorney Fees (Docket No. 13).  Having reviewed the record, the pending motions, and the responses and replies thereto, the Court has determined that oral argument would not significantly assist the decisional process.  Therefore, the Court will make its ruling based on the record.

**Order - 1**

## BACKGROUND

Plaintiffs brought the within action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, alleging that Defendant failed to properly record all hours actually worked by Plaintiffs and/or utilized a rounding system that systematically understated the actual hours they worked.  Plaintiffs sought alleged resulting lost wages and overtime pay.  Two months later, Plaintiffs filed a Notice of Acceptance of Offers of Judgment (Docket No. 6) pursuant to Fed. R. Civ. P. 68.  The Offer of Judgment provided for a consent judgment as to each Plaintiff for a sum certain plus a proportionate amount of a reasonable attorney's fee and costs through March 1, 2006.  Judgment was entered on May 18, 2006 (Docket No. 7) based on the parties' agreement and provided for the following amounts as to each Plaintiff in addition to the attorney fees and costs:

| | |
|---|---|
| William E. Graves | $295 |
| Alan D. Hume | $ 90 |
| Bill M. Opfer | $930 |
| Michael K. Shaner | $545 |
| Ralph F. Valentino | $570 |
| Bill Watterlin | $725 |
| TOTAL | $3,155 |

Plaintiffs thereafter filed their Motion for Attorney Fees (Docket No. 8) and their Bill of Costs (Docket No. 10) on June 1, 2006.

Order - 2

## ATTORNEY FEES

It is undisputed that Plaintiffs are entitled to a reasonable attorney's fee in addition to the judgment awarded to them.  *See* 29 U.S.C. § 216(b).[1]  Indeed, the consent judgment expressly includes attorney fees and costs through March 1, 2006.  The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-shifting statutes.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Anderson v. Director, Office Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996).  In determining a reasonable attorney's fee, the Court must begin with the "lodestar" figure which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  There is a "strong presumption" that the lodestar is the reasonable fee.  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  The Court can only deviate from the lodestar figure based on factors other than those already taken into consideration in the lodestar calculation.  *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996),

---

[1] Title 29 § 216(b) provides in relevant part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**Order - 3**

*amended on other grounds*, 108 F.3d 981 (1997).[2]  Stated another way, factors such as the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, the results obtained, and the contingent nature of the fee agreement are to be considered when determining the lodestar amount rather than when determining whether deviation from the lodestar amount is warranted.  *Id.* at 364, n.9.

Plaintiffs here seek an award of attorney's fees of $1,475 based on 5.9 hours at $250 per hour.  Plaintiffs' counsel submitted billing records indicating a total of

---

[2]  The factors discussed in *Morales* are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales*, 96 F.3d 359 at 363, n.8 (citing *Kerr v. Screen Guild Extras, Inc*., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951(1976)).

Of those *Kerr* factors, the following are "subsumed factors" or factors already taken into consideration in the lodestar approach:

"(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, ⋯ (4) the results obtained" (citations omitted), . . . and (5) the contingent nature of the fee agreement (citation omitted).

*Id.* at 364, n.9.

**Order - 4**

7.20 hours incurred in connection with this litigation. Docket No. 8-3. However, he is claiming only 4.9 of that amount because of the agreement that only attorney's fees through March 1, 2006 would be recoverable. Plaintiffs' counsel requests an additional one hour not reflected in the billing records. He states that one hour is a conservative estimate of the time spent drafting a tolling agreement for Plaintiffs Hume and Watterlin in the related *Craft* case.[3] Plaintiffs' counsel also provided to the Court references to other cases in which specific hourly rates were requested or awarded in the Boise market. Defendant disputes both the reasonableness of the number of hours and the hourly rate charged by Plaintiffs' attorney.

### A.   Reasonableness of Hours

#### 1.   Plaintiffs Hume and Watterlin

Defendant contends that the hours billed for negotiating and drafting the Tolling Agreement for Plaintiffs Hume and Watterlin and the hours billed for drafting the Complaint on their behalf were excessive and unreasonable.[4] More

---

[3] This hour was spent when counsel was negotiating settlement in a similar case, *Craft, et al v. Officemax, Incorporated*, Case No. CV-05-033-EJL,  Counsel attempted to include Plaintiffs Hume and Watterlin in that settlement even though they were not parties. The tolling agreement was executed to protect their interests without having to file suit while settlement negotiations were ongoing.. *Affidavit of James M. Piotrowski*, p. 2 (Docket No. 8-3).

[4] Defendant also suggests that the Court deny the Motion for Attorney's Fees on the grounds that it was untimely under D. Idaho L. Civ. R. 54.2(b) directing that such motions be

specifically, Defendants contend that it was unnecessary to prepare a complaint on behalf of these Plaintiffs once the Tolling Agreement was reached and that only the one hour for preparing the Tolling Agreement should be awarded.  Defendant notes that these Plaintiffs ultimately accepted the same offer in this case as was previously advanced in connection with the *Craft* case.  Plaintiffs reply that including these Plaintiffs in the Complaint was necessary to protect their interests given the fact that the settlement negotiations had fallen through and that the Tolling Agreement was subject to termination at will by either party.

The Court finds that Plaintiffs are entitled to an award of attorney's fees for negotiating and drafting the Tolling Agreement as well as for drafting and filing the Complaint for Plaintiffs Hume and Watterlin.  The Court is unclear as to why these Plaintiffs accepted the same offer a month after rejecting it in the *Craft* case.  However, the fact is that these Plaintiffs had, at the time the Complaint was filed in this case, rejected Defendant's offer.  Furthermore, there is no indication that the settlement negotiations continued after the offer was rejected.  The Court also notes that its cursory review of the attorney's fee documentation in the *Craft* case

---

filed within fourteen (14) days after entry of judgment.  Docket No. 11 at 3.  However, although dated May 17, 2006, the docket entry contains a reference that it was not actually entered until May 18, 2006.  Docket Entry 7.  However, that reference pertains to the docket entry itself, not to the entry of the Judgment.  Accordingly, Plaintiffs' motion is a day late.  However, the Court will not exercise its discretion to deny the motion as untimely both because Defendant agreed to pay attorney's fees and because of the confusion caused by the docket entry.

**Order - 6**

indicates that Plaintiffs' counsel did not bill for the drafting the Tolling Agreement in that case.

### 2.     Drafting Complaint

Defendant contends that Plaintiffs spent 4.1 hours drafting the Complaint but should be awarded only one hour because the Complaint was basically the same as the *Craft* Complaint.  Defendant does not dispute any of the other charges.

As Plaintiffs point out, the billing entries show that more than drafting the Complaint was undertaken in the 4.1 hours:

| | | |
|---|---|---|
| 2/22/06 | Drafted Complaint | 1.20 hours |
| 2/24/06 | Drafted Complaint, Civil Cover Sheet, summons; Drafted letter to Tracy Oneale re service; Telephone Conference with Greg Hartman; Left VMX for Ken Hardwick; Telephone Conference with Shane Youtz | 2.90 hours |

Furthermore, Plaintiffs' counsel explains that this time included time spent drafting a letter to opposing counsel, conferring with an Oregon attorney to determine that he was not representing members of the putative class alleged in the Complaint, attempting to confer with the District Director of the Union that represented Plaintiff's, conferring with co-counsel who would have become involved had the case gone to trial as a class action, and modifying the *Craft*

**Order - 7**

Complaint to remove the Idaho Wage Claim Act cause of action and substitute a cause of action to reflect that this action involved five facilities in four different states.

The Court finds that the claimed 4.9 hours attributable to this case, including the challenged 4.1 hours, is reasonable, especially given the fact that drafting the Complaint and reviewing the offers of judgment would have necessarily involved some kind of communication with each of the six Plaintiffs.

### B. Reasonableness of Hourly Rate

Plaintiffs seek reimbursement at the rate of $250 per hour. Plaintiffs claim that $250 is the prevailing rate for similar legal services in the Boise market. They have referred to several cases in which awards have been made at that rate or where motions seeking reimbursement at or near that rate were then pending.

The Court finds Plaintiffs' reliance on *Thiebes et al v. Wal-Mart Stores*, Case No. 98-804, District of Oregon, in which he was lead counsel and was awarded $250 an hour is misplaced. Although demonstrative of counsel's experience and success in similar litigation, the Oregon market is not relevant to this case involving Boise parties and attorneys. *See Blum v. Stenson*, 465 U.S. 886, 896, n.11 (1984) (fee applicant must produce satisfactory evidence that the requested rate is within the prevailing rate in the *community* (emphasis added)).

Order - 8

Plaintiffs also refer to *Bristow v. Fleetwood Enterprises* litigated in the District of Idaho under the FLSA in which the Court approved a fee amounting to over $400 per hour. The Court presumes Plaintiffs refer to Case No. CR-00-82-S-EJL. Comparison with that case is totally inapposite. *Bristow* was a large class action suit involving thousands of members in which attorney fees were negotiated as part of an overall settlement agreement.

Plaintiffs further direct the Court's attention to a case in this Court in which counsel was involved where defendants moved for fees at rates of $225 to $335 per hour. *See Glass v. Nestle, Inc.*, Case No. CV-04-604-S-BLW (Judge Ezra). Boise counsel sought an award based on an hourly rate $225 to $235.[5] While the Court did not approve that rate, this Court finds the fact that Boise counsel sought that particular rate in an FLSA proceeding relevant to determining the prevailing rate in this community.

More persuasive to the Court is the recent decision in the related *Craft* case in which the Court found a reasonable hourly rate to be $225. *See Craft* (Docket No. 70). That rate is in line with this Court's approval of a $210 hourly rate in an FLSA case two years ago. *See Smith, et al. v. Micron Electronics*, CV-01-244-S-

---

[5] Plaintiffs' reference to this case as supportive of the reasonableness of the $250 hourly rate tends to suggest that rates of up to $335 are being charged in this community. However, only out-of-state counsel charged the higher rates which, of course, are not relevant here.

Order - 9

BLW (Docket No. 337).

The Court finds that a reasonable hourly rate for representing Plaintiffs in this action is $225.  In making this determination, the Court has considered that the obvious expertise and qualifications of Plaintiffs' counsel in FLSA proceedings enabled counsel to resolve Plaintiffs' claims in an expeditious manner.  While the experience, reputation, and ability of the attorney cannot be used to adjust the lodestar amount, it can be taken into account when making the lodestar calculation.  *Morales*, 96 F.3d at 364, n.9.

## MOTION TO STRIKE

Plaintiffs move to strike Defendant's opposition to their motion for attorney fees on the grounds that Defendant cited confidential communications from settlement negotiations in violation of Federal Rule of Evidence 408.  Plaintiffs refer to the reference by Defendants to statements and documents of Plaintiffs' counsel indicating he charges hourly rates of $140 and $175 charged in connection with FLSA matters.  The Court has not considered those rates in reaching its calculation of the lodestar amount.  The fee agreement between Plaintiffs and counsel is irrelevant.  *See Venegas v. Mitchell*, 495 U.S. 82 (1990); *Blanchard v. Bergeron*, 489 US 87, 96 (1989).  Rather, Plaintiffs are entitled to a rate equal to a reasonable number of hours multiplied by a reasonable hourly rate.  The Motion to

Order - 10

Case 1:06-cv-00083-BLW   Document 20   Filed 02/21/07   Page 11 of 12

Strike is moot.

## COSTS

Plaintiffs seek $250 in costs under Fed. R. Civ. P. 54(d) as prevailing party. Defendant's sole objection to the award of costs is that the Bill of Costs was untimely. However, the Court will not deny costs on that basis due to the confusion in the docketing entry.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Award of Attorney's Fees (Docket No. 8) is GRANTED. Plaintiffs are awarded attorney's fees at the rate of $225 per hour times 5.9 hours for a total sum of $1,327.50.

IT IS FURTHER HEREBY ORDERED that Plaintiffs are awarded costs of $250.

Order - 11

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion to Strike Officemax's Opposition to Plaintiffs' Motion for Award of Attorney Fees (Docket No. 13) is MOOT.



DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge